**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **JOHN K. MILLER,** | ) | **CASE NO.1:12CV624** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CHASE BANK USA, NA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

　　This matter is before the Court on Defendant Chase Bank USA, NA's ("Chase") Motion to Dismiss (ECF #11).  For the following reasons, the Court denies Defendant's Motion.

　　On February 15, 2012, Plaintiff John K. Miller ("Miller") filed a Complaint in Mentor Municipal Court against Defendants Chase and MRS BPO LLC, alleging violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, Defamation, violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, violation of the Consumer Sales Protection Act, O.R.C. § 1345.01 *et seq.* and Invasion of Privacy.  Plaintiff's Complaint alleges Defendants have attempted and/or are attempting to collect from him a debt incurred by a business entity.

1

According to Plaintiff's Complaint, sometime in 1998, Chase issued a credit card to Hallmark Mortgage Services, Inc.  Plaintiff never signed a personal guarantee of the debt on the card and did not use the card for personal purchases.  Plaintiff contends Defendants are wrongfully attempting to collect from Plaintiff the debt incurred by the corporation issued the card.

On March 13, 2012, Defendants removed the case to United States District Court for the Northern District of Ohio and on April 20, 2012, Chase moved to dismiss Plaintiff's claims.  On May 22, 2012, Plaintiff dismissed his claims against Defendant MRS BPO, LLC.

In its Motion to Dismiss, Chase contends it issued a card to both Hallmark Mortgage Services, Inc. and Miller.  The card's account now has an outstanding balance of $24,271.00. Chase contends the credit card account is governed by a written Business Card Agreement ("Agreement") and according to its terms, both Hallmark and Miller are responsible for the balance owed.

### Standard of Review

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc.* v. *Treesh,* 487 F.3d 471,476 (6th Cir. 2007).  Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, (2007).  *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).  The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed *Twombly* and provided

additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusion, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-plead factual allegations a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id*. at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein.  *See Amini v. Oberlin Coll.,* 259 F.3d 493, 502 (6th Cir.2001).

## Law and Analysis

According to Chase, it issued a business credit card to Plaintiff and Hallmark.   The credit card had Plaintiff's name on it and the billing statements were sent to Plaintiff at his address.  The card was governed by the Agreement which Chase attaches to its Motion to Dismiss.  Under its terms, the Agreement states:

> [y]ou will be legally obligated to pay for all purchases, cash advances, and all fees and charges incurred on the Account, from the opening of the Account.

It further states "you are responsible for all use of your Account."  The terms "you," "your" and "yours" are defined under the Agreement as:

> everyone responsible for this Account, including the company acting through its authorizing officer, the person who applied for the Account and the person to whom we provide the billing statements.

3

Chase argues that, according to the above provisions of the Agreement, Miller is personally liable for the debt.   Chase cites to *Heiges v. JP Morgan Chase Bank NA, et al.,* 521 F. Supp.2d 641 (N.D. Ohio 2007), wherein the court held that an individual whose name appeared on a corporate credit card, received billing for the corporate credit card, and used the card ,was personally obligated for the debt incurred on the card according to the terms of the Agreement. Chase argues the language of the credit card agreement in *Heiges* is similar to the one before the Court, therefore, the *Heiges'* Court's conclusion should apply to Miller.

Miller contends he never agreed to be personally liable for Hallmark's corporate debt.  He further argues that Chase misrepresents the claims in the Complaint which, at this stage of the proceedings, must be taken as true.  For example, Chase argues the credit card was issued to both Hallmark and Miller.  According to Plaintiff, this contradicts the allegation in the Complaint which merely states,

> In or about 1998, Chase issued a credit card to Hallmark Mortgage Services, Inc., a valid Ohio corporation.

(Complaint at ¶ 7).

Plaintiff argues that the Motion to Dismiss further asserts the billing statements were sent to Plaintiff, but the Complaint is silent on the matter, thus, presenting a factual assertion by Chase that is unsupported by any allegation in the Complaint.  Furthermore, such a factual assertion requires evidentiary support which has not been supplied, nor could be considered by the Court on a Rule 12(b)(6) Motion, even if it had been proffered.

Finally, Plaintiff contends the Agreement attached to Chase's Motion to Dismiss shows its effective date is February 22, 2010, however, there is no allegation in the Complaint as to

4

when the debt was incurred.  Plaintiff argues Hallmark ceased operation in 2008 and no charges were made after that date, therefore, the Agreement attached could not be the operative agreement.

In its Reply, Chase raises for the first time, that Plaintiff's Complaint fails to allege sufficient facts under *Twombley* and *Iqbal* to "raise a right to relief above the speculative level." Chase further contends that the Agreement attached to its Motion is the operative agreement because the debt at issue was charged off in October 2010 after the Agreement's effective date of February 2010.  Furthermore, even if it were not the operative agreement, the predecessor agreement which Chase attaches to its Reply,  contains the same basic language as the 2010 Agreement.

The Court finds that Chase's Motion raises factual issues that the Court may not consider on a Rule 12(b)(6) Motion.  Chase's Motion represents that the credit card was issued to both Hallmark and Miller, contradicting the allegations in Complaint which alleges the card was issued to Hallmark.  It is the allegation in the Complaint that must be taken as true on a Rule 12(b)(6) Motion.

The *Heiges* case also does not control at this stage of the proceedings since it was not determined on a Motion to Dismiss but was presented on a Motion to Stay Pending Arbitration. There, the Court appeared to consider evidence, including whether the Plaintiff signed the credit card and was billed at his address.  These are not facts alleged in the Complaint and must be supported by evidence which Chase has not offered, nor could be considered by the Court on a Rule 12(b)(6).

In addition, the Agreement is not dispositive at this stage of the proceedings as it was not

authenticated, does not present on its face the named parties to the Agreement and requires additional evidence tying it to Plaintiff.  The Agreement's definition of "you" requires evidence that Plaintiff was responsible for complying with the Agreement, applied for the account, received the billing statements or agreed to be liable on the account.

Finally, Chase's *Twombley* and *Iqbal* challenge fails since a party may not raise, for the first time, an argument in a Reply as it denies the opponent an opportunity to respond.   See *Rush v. Illinois Cent. R.R. Co.,* 399 F.3d 705, 727 n.19 (6th Cir. 2005).

Therefore, for the foregoing reasons, the Court denies Chase's Motion to Dismiss.

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

DATED:  July 11, 2012

6